RICHARD COCKE & CO. v. NEW ERA GRAVEL & DEVELOPMENT CO.
(No. 340.)

(Court of Civil Appeals of Texas. El Paso. June 11, 1914. Rehearing Denied July 2, 1914.)

1. SALES (§§ 343, 344*)—CONTRACTS—QUANTUM MERUIT.
Where the parties to a contract for the sale of goods did not agree on the essential terms of the sale, but the buyer admitted that he received the goods and appropriated the same to his own use, and both parties introduced evidence as to the reasonable market value and the quantity of the goods delivered, the court properly permitted recovery on quantum meruit as alleged in the pleadings.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 947–955; Dec. Dig. §§ 343, 344.*]

2. SALES (§ 348*) — ACTION FOR PRICE — DEFENSE—EVIDENCE.
Where in an action for the price of gravel sold and delivered, there was evidence that a car of gravel had to be cleaned, and that the buyer disposed of the same at the same price as he disposed of other gravel, and did not show

that he paid anything for cleaning, he was not entitled to anything for cleaning.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 973–986; Dec. Dig. § 348.*]

3. SALES (§ 418*)—CONTRACTS—BREACH—MEASURE OF DAMAGES.
The measure of damages for a breach of contract of sale of gravel, caused by the seller delivering a car of gravel which had to be cleaned, is the difference between the value of the gravel in the condition it was when delivered and that which it should have been under the contract calling for clean gravel.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

4. TRIAL (§ 192*) — INSTRUCTIONS — ASSUMPTION OF FACTS.
A party who admits in his pleading a fact, is bound thereby, and the court may assume that fact in its instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

5. APPEAL AND ERROR (§ 1068*) — HARMLESS ERROR—REPETITIONS IN INSTRUCTIONS.
The error in repeating in the instructions a proposition that plaintiff was entitled to recover a specified sum was not reversible, where the jury found for a much larger sum.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

6. TRIAL (§ 315*)—EVIDENCE—QUESTIONS FOR JURY.
Where, in an action on a quantum meruit, the testimony as to the weight of a cubic yard of gravel is conflicting, the jury may take an average between the two extremes stated by the witnesses, and they are not confined to the express contract pleaded.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 740–742; Dec. Dig. § 315.*]

7. WITNESSES (§ 391*)—IMPEACHMENT—EVIDENCE.
Where a party testified that a witness had made a statement to him, the testimony of a third person that in conversation with him the witness had made a contrary statement was admissible as impeaching testimony.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1248; Dec. Dig. § 391.*]

8. WITNESSES (§ 395*)—EXAMINATION—CORROBORATION.
Where an effort is made to show that the testimony of a witness is fabricated, proof that the witness made other statements at other times similar to his testimony is admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1260; Dec. Dig. § 395.*]

9. EVIDENCE (§ 354*)—BOOKS—ADMISSIBILITY.
Where, in an action for gravel sold and delivered, a witness testified that the books of the seller would show the price and the number of pounds per cubic yard agreed on, and defendant showed that the witness had stated that the gravel was contracted for at a specified number of pounds to the cubic yard, the books were admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1432–1483; Dec. Dig. § 354.*]

10. APPEAL AND ERROR (§ 548*) — QUESTIONS REVIEWABLE—RULINGS ON EVIDENCE.
Assignments of error complaining of the admissibility of evidence will not be considered on appeal, in the absence of any bills of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

---

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by the New Era Gravel & Development Company against Richard Cocke & Co. From a judgment for plaintiff, defendant appeals. Affirmed.

Warren & Simmons, of Houston, for appellant. Ross & Wood, of Houston, for appellee.

HARPER, C. J. Appellee brought this suit against the appellant for $477.96, alleging that either in the latter part of 1911 or early part of 1912 it entered into a contract to deliver gravel to the appellant in payment of a loan of $1,000, at the rate of $1.90 per cubic yard, on a basis of 3,000 pounds to the cubic yard; that there was delivered to appellant 1,034.326 cubic yards at said price; and that 'by special agreement for a special grade of gravel 37,466 cubic yards were sold at $2 per cubic yard. In addition to the foregoing plaintiff alleged that it paid $24 demurrage due to the fault of the defendant; that thereafter by agreement plaintiff delivered to defendant certain other gravel at $2 per cubic yard, on the basis of 2,800 pounds to the cubic yard; that after giving defendant such credits as he was entitled to there was a balance of $477.06 due and unpaid. In separate count he alleges his cause of action upon quantum meruit for gravel sold and delivered at $2 per cubic yard on the basis of 2,800 pounds per cubic yard.

Defendant answered by general denial; by special answer alleged: That about November 23, 1911, the defendant and plaintiff, by its duly authorized agent, made and entered into a contract, by the terms of which plaintiff sold and delivered to the defendant the gravel sued for, but for $1.90 per cubic yard car measurement of 3,300 pounds to the cubic yard; that the defendant advanced to the plaintiff $1,000 in cash, and that, by the terms of the agreement, whenever the gravel furnished by the plaintiff should equal the cash advanced, then the plaintiff should continue to furnish to defendant gravel at $1.90 per cubic yard upon a basis of 3,300 pounds; that, as soon as the gravel delivered aggregated in value the sum advanced, defendant offered to settle with plaintiff, and tendered his check for $66.68, which was refused, without objection to the form of tender. Defendant further set up counterclaim for $11.50 for a ton of coal furnished and $23.23 for one car of gravel, and one ton of coal, $11.50, and coal furnished, $24.50, and freights paid, etc., alleging that there was a balance due of $40.18 to plaintiff.

Tried before a jury, and verdict for plaintiff for $407.56, from which judgment this appeal is perfected.

The first assignment charges that:

"The court erred in its general charge as follows: 'Now, if you find from the evidence that, as claimed by plaintiff, it had a contract with the defendant to furnish gravel on a basis of $1.90 per cubic yard of 3,000 pounds each, and a subsequent contract to sell defendant gravel at $2 per cubic yard of 2,800 pounds each, then you will let your verdict be for the plaintiff for the amount of gravel which you may find it sold defendant on the basis of $1.90 per cubic yard of 3,000 pounds each, and also for such amount of gravel as you may find it sold to defendant on a basis of $2 per cubic yard of 2,800 pounds each, and if you find from the evidence that any of said larger weight per cubic yard gravel was sold to defendant at a basis of $2 per cubic yard, you will make such allowance in your verdict,' in that: (1) There was no evidence upon which said charge could be based that plaintiff had a contract with the defendant to furnish gravel to the defendant on a basis of $1.90 per cubic yard of 3,000 pounds each; and (2) there was no evidence upon which to base said charge that the plaintiff had a contract with defendant to furnish the defendant gravel at $2 per cubic yard of 2,800 pounds each; and (3) there was no evidence upon which to base the said charge that the plaintiff had a contract with the defendant to furnish him gravel at $2 per cubic yard of 3,000 pounds each."

This paragraph of the court's charge affirmatively and fairly presents the plaintiff's case, as pleaded in the first count of the petition, and, without quoting it because it could serve no good purpose, the evidence is sufficient to require the court to submit the issues therein enumerated. And is not subject to the criticism that, when construed with other portions of the charge quoted by appellant, it is a direct charge to find for the plaintiff.

The second assignment is that the court erred in submitting to the jury the $24.50 demurrage item: (a) Because there was no pleading; and (b) because there was no evidence to support a finding for plaintiff by the jury.

Attached to plaintiff's petition is an itemized statement which includes the item of $24.50 demurrage, and the evidence is sufficient to require the charge given.

[1] The third complains of the charge of the court which submitted the plaintiff's plea on quantum meruit, because there was no evidence to authorize it thus to permit the jury to ignore the testimony of the parties as to the terms of the agreement between them, as to the price and weight, and find for plaintiff for the reasonable market value and the actual weight per cubic yard of gravel. It further charges that the charge given was an affirmative charge to find for the plaintiff, and is therefore upon the weight of the evidence.

The minds of the parties must meet upon the essential terms before there can be an express contract. In this case the plaintiff alleged a contract defining its terms up to full payment of the $1,000 advanced, and then that it notified defendant of the advance in price to $2 per 2,800 pounds per yard. Defendant denies that he entered into any such agreement, and denies that he was notified of any change in the contract, and alleges a different agreement as to a material

element in the contract, viz., the weight of gravel per cubic yard. The plaintiffs' evidence tracks to the letter the contract alleged, and defendant's likewise, if believed, by the jury, established the terms as he alleged them; so it is apparent that the minds of the parties were never together. Both parties introduced evidence upon the question of reasonable market value and the actual weight of the gravel per cubic yard. Defendant admitted that he received the gravel and appropriated it to his own use. It was therefore proper for the court to submit the case as was done, and the charge given is not subject to the criticism that it is upon the weight of the evidence. This also disposes of eighth and ninth assignments, except as to second proposition under the eighth, which is disposed of in its order hereinafter.

[2] The fifth complains that the court erred in charging the jury not to allow defendant anything in the item of $24.23 for a car of gravel which had to be cleaned. The proposition is that there was evidence in the record tending to support appellant's claim. It was therefore error to charge the jury to find against him.

The testimony quoted by appellant in support of his proposition is: Plaintiff testified:

"The item of $24.23 set out in my answer for a car of gravel was one which plaintiff shipped to me. It was muddy. I delivered this gravel to Lisle & Dunning on the Dooley job in this city. I did not consider the gravel worth anything, and I charged the price of it back to the company."

Marsac testified:

"Yes; I know about the gravel you inquire about which Richard Cocke refused to pay for, claiming that it was not good gravel. That was some gravel that was delivered by me for Richard Cocke to Lisle-Dunning Company at the Dooley Building, in this city. This particular lot when it was put on the ground was rejected by the architect, as he said it was not cleaned; that there was mud on it. I had to be around the building, looking after the delivery of gravel, and I got a couple of men and took a hose and turned it on the gravel and washed it. The men shoveled the gravel over while the water was running on it, and when this was done the gravel was accepted without further question by the architect, and went in at the same price as the other gravel. I think the price paid to Richard Cocke & Co., for the gravel was $2.49 per cubic yard. There was no further question made about the gravel, and there was no deduction made of the price. I did not lose any time in the matter, as I had to be around the building anyway. The two men turned over the gravel and washed it, beginning some time, as near as I can remember, about 9 o'clock, and they were through before night. I do not know what was paid for the work, but suppose their time was worth about 15 cents per hour."

The evidence shows that defendant disposed of this gravel at the same price as the other gravel, that it was cleaned by some men before it was accepted; but there is no evidence defendant paid anything for the work of cleaning, so there was no basis for a finding for defendant.

[3] Besides, the measure of his recovery should have been the difference between the value of the gravel in the condition it was when delivered and that which it should have been under the agreement between the parties. As to this there was no pleading or proof. Defendant could not keep the gravel and not pay.

[4, 5] Sixth assignment charges that:

"The court erred in its general charge as follows: 'The defendant admits owing plaintiff the sum of $66.98, and you will in any event find for plaintiff for at least that amount, it being the sum which defendant has tendered into court.' The charge is erroneous in its statement to the jury that the defendant admitted owing plaintiff $66.68 and instructing the jury to find for plaintiff for at least that amount. The defendant tendered into court the said sum of $66.68, as shown by his pleadings as being more than was due the plaintiff. Said pleadings allege the amount owing to be $40.18."

The defendant having admitted in his pleading that he owed that amount and tendered it into court, he was bound by it, and the court did not err in so charging the jury. The appellant has not cited us to any repetition of this item as complained of, and if it had been repeated unduly it could not be reversible error, because the jury found for a much larger sum.

[6] The eighth assignment charges that the verdict of the jury and the judgment rendered thereon are contrary to law because without evidence to support them. His proposition being that there was no evidence upon which the verdict of the jury could be based for 416.427 cubic yards of gravel at 2,900 pounds to the cubic yard at $2 per cubic yard, as per second item set up separately in jury's verdict.

No witness testified that a cubic yard of gravel would weigh exactly 2,900 pounds, but there was much testimony adduced upon the trial, witnesses fixing the weight from 2,800 to 3,300 pounds per cubic yard. Some testified the weight varied according to the size of the gravel; the weight being more if the gravel were small than if large, etc. Since it is evident that as to this item the jury were finding for plaintiff upon his plea of quantum meruit, and the testimony as to the weight of a cubic yard of gravel having taken such a wide range, the jury were justified in finding for the plaintiff the average between the two extremes, and they were not confined to the express contract pleaded by the parties as contended for by appellant.

[7] The tenth assignment charges that it was error to admit the testimony of Dr. J. W. Shearer that McCain told him that the contract between him and defendant Cocke was that plaintiff company was to furnish gravel to the defendant Cocke at $1.90 per cubic yards of 3,000 lbs. each, because same was hearsay. Defendant Cocke having testified that the witness (McCain) had told him that the contract made with him, McCain, on behalf of the company, was to pay the advance I made him in gravel at $1.90 per

cubic yard of 3,300 pounds. This evidence was admissible as impeaching testimony.

[8] Also, where an effort is made to show that the testimony of a witness is fabricated, instead of being a narrative of the facts, as they occurred, proof that the witness made other statements at other times similar to his testimony upon the trial is admissible.

[9] McCain testified that the books of the plaintiff company would show the price and the number of pounds per cubic yard agreed upon by himself and defendant Cocke.

Defendant having introduced evidence that witness McCain had made the statement that the gravel was contracted at 3,300 pounds to the cubic yard, the books and also the testimony of witness Shearer were admissible. Stephenson v. Jackson, 128 S. W. 1196. This disposes of the eleventh assignment.

[10] The thirteenth, fourteenth, sixteenth, eighteenth, twenty-first, twenty-seventh, and twenty-eighth are not in conformity with rule 29 of rules for the courts of Texas, in that they are not numbered in their consecutive order. The brief does not show any bills of exceptions. Assignments complaining of admissibility of evidence will not be considered, unless bill of exceptions were preserved in the lower court and presented here.

The assignments are all overruled, and judgment of the lower court affirmed.