BAILEY v. LOOK. (No. 403.)

(Court of Civil Appeals of Texas. El Paso. March 11, 1915. Rehearing Denied April 8, 1915.)

1. WITNESSES ⟂390—CONTRADICTION—PARTY TO SUIT—PREVIOUS SILENCE INCONSISTENT WITH PRESENT CLAIM.

In an action between parties previously associated in the ownership of lands, evidence of one to whom controversies had been submitted for arbitration and of one who had heard many conversations between plaintiff and defendant on the matters concerned, that plaintiff had not set up any claim to certain lots was admissible to discredit the present claim, as tending to show that it was a fabrication and afterthought on the part of plaintiff.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1247; Dec. Dig. ⟂390.]

2. WITNESSES ⟂414—PARTY TO SUIT—IMPEACHMENT BY PROOF OF PREVIOUS NONASSERTION OF CLAIM—CORROBORATION.

Where the good faith of plaintiff's claim had been impeached by testimony that witnesses had never heard him mention it, under circumstances when he might reasonably have been expected to do so, it was his right to show prior statements made consistent with his claim, corroborative of his testimony, to rebut the inference that such claim was a recent fabrication.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1287, 1288; Dec. Dig. ⟂414.]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by Tom Bailey against George Look. Judgment for defendant, and plaintiff appeals. Reversed.

C. L. Galloway and E. M. Whitaker, both of El Paso, for appellant. Jno. L. Dyer and A. R. Grambling, both of El Paso, for appellee.

HIGGINS, J. This is a suit by Bailey against Look and is the second appeal, former opinion appearing in 164 S. W. 407. The petition is in two counts; the first upon the theory that a partnership did not exist between the parties, and was for the recovery of certain moneys alleged to have been paid out by Bailey for account of Look. The second count was upon the theory that a partnership existed and an accounting between the parties was sought. Upon trial before a jury, a verdict was returned, finding that a partnership existed and in favor of Look for a balance due of $1,714.60. A remittitur of $946.66 was entered, and judgment finally rendered in Look's favor for $767.94.

[1, 2] Prior to the litigation, efforts to settle had been made, and the parties had submitted to a Mr. Booker statements of the amounts which they claimed to have expended. In the statement filed by Bailey, no mention was made of any claim of interest in certain lots in Casas Grandes, Mexico, owned by Look, and Booker was permitted to testify in Look's favor that no such claim was made by Bailey to him. The witness Wood was also permitted to testify that he had heard many conversations between Bailey and Look with reference to their partnership agreement, and he had heard nothing said about Casas Grandes lots. The parties agreed to engage in the ranch business in Mexico, raising, buying, and selling horses and cattle. The ranch lands were owned by Look individually, and after the agreement to form a partnership was made certain wells were placed upon the premises at an expense of $3,000, which was paid by Look, but was charged up to the partnership account. Bailey claimed that because the placing of the wells upon the premises constituted a permanent improvement upon the realty owned by Look, Look had, for that reason, agreed to reimburse him for his share of the cost of the wells by conveying to him a one-half interest in the Casas Grandes lots. Upon the stand he testified to this agreement. Upon cross-examination, he admitted that he had not itemized this claim upon the memorandum which he gave Booker, and explained its omission by saying that Booker was not arbitrating their differences; that Look had theretofore promised to pay him his money back, and he simply gave to Booker a statement of the moneys which he had expended; that there was no dispute at that time over the lots. The Casas Grandes lots were owned by Look, Luis Terrazas, and the Mexican Northwestern Railroad Company. Look desired to have his share segregated and set apart to him, and Bailey took this matter up with Terrazas and Harris Walthall, the representative of the railway company. Bailey offered to prove by Walthall that when Bailey conferred with him relative to the proposed segregation of Look's lots, he (Bailey) stated to Walthall that he owned a one-half interest in the Look lots. Upon objection, the testimony was excluded, and it is here contended that evidence of this claim of ownership was admissible, in view of the previously admitted testimony of Booker and Woods relative to nonclaim. The evidence of Booker and Woods as to Bailey's nonclaim of an interest in the lots was properly admitted for the purpose of discrediting the claim of an interest therein and as tending to show that it was a fabrication and afterthought on Bailey's part. But when Bailey's testimony was thus impeached, it was clearly his right to offer evidence of prior statements made consistent with his claim, corroborative of his testimony, and to rebut the inference which might otherwise be drawn that his

story was a recent contrivance and prompted by the necessity of the case. The statement to Walthall was made at a time when no motive to fabricate existed, and evidence of the declaration should have been admitted. Ins. Co. v. Eastman, 95 Tex. 37, 64 S. W. 863; Railway Co. v. Fox (Sup.) 166 S. W. 693; Lewy v. Fischl, 65 Tex. 311; Railway Co. v. Garren, 96 Tex. 605, 74 S. W. 897, 97 Am. St. Rep. 939; Richard Cocke & Co. v. New Era, etc., 168 S. W. 988; Stephenson v. Jackson, 128 S. W. 1196; Streight v. State, 62 Tex. Cr. R. 453, 138 S. W. 742; 2 Wigmore on Evidence, § 1129.

The error indicated requires a reversal, and it is therefore unnecessary to pass upon those assignments which question the sufficiency of the evidence.

The questions raised by the last four assignments will not arise upon retrial.

Reversed and remanded.

WALTHALL, J., did not sit in this case.