HOUSTON & TEXAS CENTRAL RAILWAY COMPANY v. R. L. FOX ET AL.

No. 2618. Decided May 13, 1914.

1.—Evidence—Declarations—Hearsay.

In a suit by the husband for personal injuries to his wife while traveling by rail, the statements to others by the husband, not present at the accident, that his wife had been injured while traveling, were mere hearsay, inadmissible, and prejudicial to defendant where the question of her having received any such injury was a controverted one. (Pp. 319, 320.)

2.—Personal Injury — Evidence — Merely Possible Results — Expert Opinion.

Only such results as were shown by reasonable probability to have been caused by the personal injury sued for can be considered in estimating damages. Expert medical evidence that it was conceivable or merely possible that a certain condition of health may have been the result of such injury was not admissible. (P. 320.)

3.—Evidence—Personal Injury—Issue of Fabricated Claim—Confirmatory Declarations.

The evidence (failure of the person alleged to be injured to claim or mention the fact when such claim, if genuine, would naturally be made) presenting an issue as to whether such injury was, in fact, received, or the claim was fictitious and an afterthought, it was competent to introduce declarations by the injured person, made to others and about the time, as to the fact of such injury, in confirmation of his present testimony; but such declarations are only admissible as proof that there was an injury, and can not embrace recitals of the circumstances under which it was received. As to these matters they were mere hearsay. (Pp. 320-322.)

4.—Evidence—Claim Before Suit.

A plaintiff is under no obligation to submit his claim for settlement before bringing suit, and proof that he did not is incompetent. (P. 322.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Hunt County.

Fox recovered judgment against the Houston & Texas Central Rail-

way Company, which was affirmed on appeal by defendant. The latter then obtained writ of error.

*Baker, Botts, Parker & Garwood* (*Dinsmore, McMahon & Dinsmore* filed brief in appellate court), for plaintiff in error.—There is a total absence of any evidence in the record tending to, or having for its purpose, the impeachment of the testimony of Mrs. Fox, wife of defendant in error, as to how the accident occurred at Hearne; hence it was error for the court to permit the plaintiff in the trial court to corroborate and bolster up her testimony given at the trial by proof of her declarations and statements theretofore made by her as to the manner in which the accident happened. Houston Electric Co. v. Jones, 129 S. W., 863; Roth v. Insurance Co., 102 Texas, 241; Cotton Co. v. Willis, 125 S. W., 584; Moody v. Gardner, 42 Texas, 411; Insurance Co. v. Eastman, 95 Texas, 34; Snow v. Star, 75 Texas, 416; Hardin v. Railway Co., 88 S. W., 440; Murphy v. McGee, 68 S. W., 1002.

Neither expert witnesses nor the jurors may be turned loose in the domain of conjecture as to what may by possibility ensue from a given statement of facts. The witness must be confined to those which are reasonably probable, and a verdict must be based upon evidence that shows with reasonable probability that the injury will produce a given effect. Lentz v. City of Dallas, 96 Texas, 267; Galveston, H. & S. A. Ry. Co. v. Powers, 101 Texas, 164; Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 83.

*Evans & Carpenter,* for defendant in error.—Where an expert witness has testified on direct examination as to the physical condition, or condition of health, of a patient, based either on actual examination or a hypothetical question, any question is proper on cross-examination which tends to test the knowledge, accuracy, veracity or credibility of the witness, or to explain his testimony on direct examination. M., K. & T. Ry. Co. v. Johnson, 49 S. W., 267; M., K. & T. Ry. Co. v. Dalton, 120 S. W., 243; M., K. & T. Ry. Co. v. Farris, 126 S. W., 1174.

Where a witness' testimony on the trial has been impeached by proof of contradictory statements, in general, evidence of statements consistent with his then testimony, is not admissible; but there are exceptions, as, where the testimony is assailed as a fabrication of recent date, or a complaint recently made; and then, in order to repel such imputation, proof of the antecedent, consistent declarations of the witness or party may be admitted. Ellicot v. Pearl, 10 Peters, 4121; Franklin v. State, 88 S. W., 357; Railway Co. v. Hawk, 30 Texas Civ. App., 142; Railway Co. v. Irvine, 89 S. W., 429; Railway Co. v. Patterson, 47 S. W., 666; Railway Co. v. Martin, 26 Texas Civ. App., 231; Railway Co. v. Garber, 108 S. W., 743; Railway Co. v. Sizemore, 53 Texas Civ. App., 491; Railway Co. v. Morris, 144 S. W., 1163; Mason v. Railway Co., 151 S. W., 350; Davis v. Davis, 44 Texas Civ. App., 238.

Mr. Chief Justice BROWN delivered the opinion of the court.

Judge Talbot made a very clear statement of the facts disclosed by the evidence which we adopt as follows:

."Appellee, Fox, brought this suit against the Gulf, Colorado & Santa Fe Railway Company and the appellant, Houston & Texas Central Railway Company, to recover damages for personal injuries sustained by his wife, Mrs. Mary Fox, while she was a passenger en route from Celeste, Texas, to Bertram, Texas. Each of the defendants answered by general demurrer, general denial and pleas of contributory negligence on the part of appellee's wife. A jury trial resulted in a verdict and judgment in favor of appellee against the appellant for the sum of $10,000, and in favor of the Gulf, Colorado & Santa Fe Railway Company. From the judgment against it the appellant appealed. No question is raised about the pleadings and further statement of them is unnecessary. The evidence is sufficient to show that on or about the 22nd day of December, 1910, Mrs. Fox, appellee's wife, bought a through ticket at Celeste, Texas, entitling her to passage from that place over the road of the Gulf, Colorado & Santa Fe Railway Company to Dallas, thence over appellant's road to Hearne, Texas, where Mrs. Fox changed cars to continue her journey. As the train approached Hearne, which was about 2 o'clock in the night, the station was announced and the train stopped. Mrs. Fox, accompanied by her little boy about ten or eleven years of age, arose from her seat and started to leave the train. After taking a step or two toward the car door, the train was negligently moved with a sudden jerk or lunge forward and then backward, almost at the same instant of time, which threw Mrs. Fox off her balance and to the floor of the car, seriously injuring her. She testified: "I was thrown down and I fell forward in kind of a careen. I lay there some little bit of time. I felt a severe pain strike me, especially in the small of my back, and it seemed to me like it run all over me, and it seemed to me like it hurt me all over; I lay there for some bit of time, kind of numb or something, at the same time I didn't hardly realize what was going on for some little bit of time; my little boy came to me and he had hold of me the first thing I knew, and he says, 'Ma, are you hurt?' I told him. . . . I was nearly killed." Mrs. Fox further testfied that her son helped her up and that they went out of the car and into the station house where she stayed until about 11 o'clock forenoon of that same day, when she took another train and continued her journey to Bertram, still suffering from her injury. Mrs. Fox was fifty-one years of age at the time of the accident, and was a strong and vigorous woman for her age."

The Court of Civil Appeals affirmed the judgment of the trial court, from which judgment the writ of error was granted.

The plaintiff was permitted over proper objections to prove by W. P. Byers that the plaintiff told him (Byers) that "Mrs. Fox got hurt and was not in good health; that when she got hurt she was on a visit somewhere." Over like objections of defendant, J. B. Ellison testified that "in the spring of 1911 he saw and talked to Fox about selling him

some liniment" and "plaintiff said he wanted the liniment as his wife had taken a trip and got hurt and wanted liniment." This evidence tended to corroborate Mrs. Fox in her statement of the accident and injury. It was hearsay, pure and simple, and in this state of the evidence was material, therefore the error of admitting it is reversible error. The facts of the accident were proved by Mrs. Fox only and no other person on the train is shown to have known of the severe lurching of the train. The jury would have been justified in finding against her evidence. The effect of both and each statement was to corroborate Mrs. Fox's evidence.

Dr. Pierson was a witness for defendant and testified that he made examination of Mrs. Fox on her application for life insurance and on cross-examination plaintiff's counsel propounded this question: "She (Mrs. Fox) may have been suffering some pain at that time from the hurt she had that might have afterwards resulted in the condition she is in now?" The witness answered, "It is conceivable, I suppose." Counsel for defendant moved to strike out the question and answer, which motion the court overruled. It would be useless to discuss the proposition that the answer of Dr. Pierson could prove nothing more than that it was barely possible for such result to follow. The rule settled in this court is: "To justify the assessment of damages for apprehended future consequences of a present injury, it is not enough that such consequences may occur, but there must be a reasonable probability—that is, it must be reasonably certain that such consequences will ensue." Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 82, 15 S. W., 558. Also, Lentz v. City of Dallas, 96 Texas, 267, 72 S. W., 59; Galveston, H. & S. A. Ry. Co. v. Powers, 101 Texas, 164, 105 S. W., 491.

The error in admitting the declarations of plaintiff and the grosser error of permitting the proof of possible injurious results, require a reversal of the judgments of the District Court and of the Court of Civil Appeals.

The effect of the defense was to charge Mrs. Fox with having fabricated the case and defendant sought to sustain that by the evidence of the employees on the train at the time, that they knew nothing of the occurrence when it occurred and that Mrs. Fox did not mention the fact at times and under circumstances when she should have done so, and plaintiff sought to sustain her under the rule stated in Wigmore on Evidence, volume 2, section 1129, as follows: "The charge of recent contrivance is usually made, not so much by affirmative evidence, as by negative evidence that the witness did not speak of the matter before, at a time when it would have been natural to speak; his silence then is urged as inconsistent with his utterances now, i. e., as a self-contradiction. The effect of the evidence of consistent statements is that the supposed fact of not speaking formerly, from which we are to infer a recent contrivance of the story, is disposed of by denying it to be a fact, inasmuch as the witness did speak and tell the same story. This use of former similar statements is universally conceded to be proper; though occasionally it is difficult to apply the principle to the facts."

The defendant proved by Fizer that Mrs. Fox stayed at his house the night of December 23, 1910 (the next night after she claimed to have been injured) and that Mrs. Fox spoke of having been in good health for years, and seemed then to so be. Spoke of the long time she had to "lay over" at Hearne. At family prayer said she had been fortunate in not having any accident on her trip. This witness was corroborated by other witnesses. Defendant said in effect because you did not tell of your injuries and the accident at McNeil you are guilty of having manufactured the story. To which Mrs. Fox replied by witnesses, "I told it to my sister, Mrs. Cox, the next day at Bertram," and made proof by Mrs. Cox and others that she did relate the facts of the accident. Defendant proved by a number of the neighbors of Mrs. Fox (the names are unimportant) that when Mrs. Fox returned to her home they met her and associated with her as usual with neighbors, and that Mrs. Fox did not speak of the accident at Hearne or of any injury until a short time before this suit was instituted. Plaintiff testified that he met his wife when she arrived at Celeste on her return from her visit and she told him of the occurrence and her injuries.

Defendant proved by Dr. Pierson that after the date of the accident he examined Mrs. Fox on her application for life insurance and that she answered in substance that she was in good condition and did not say anything of the occurrence at Hearne. Plaintiff proved that Mrs. Fox applied to one, Curtis, for life insurance, and told him that she had been hurt. That was the application on which Dr. Pierson examined her. Defendant says because Mrs. Fox did not speak of her injuries at McNeil to the Fizer family, at her home to her neighbors, nor to Dr. Pierson, she must be discredited. When she offered proof that she did speak to her sister at Bertram, to her husband at Celeste and to Curtis, the agent who took her application, her statements are objected to as self-serving, therefore not admissible. If the defendant had not charged Mrs. Fox with fabricating her claim, such declarations would not have been admissible. Defendant's proposition is that because Mrs. Fox did not speak of the accident on certain occasions she is guilty of recent contrivance and that it can not be proved that she did speak of the matter at another time because her declarations are self-serving. There is much authority directly on the question for courts uniformly hold that under such circumstances her declarations as to the occurrence of the accident were admissible if made near the time when it is alleged and proved that she should have spoken but did not speak. It is claimed that Mrs. Fox's declarations were not admissible. The admissibility of that evidence can be determined by stating the issue to be proved or disproved. The defendant below asserted that there was no accident nor injury to Mrs. Fox; that she had fabricated the whole matter. To sustain the charge evidence was offered to prove that on different occasions when Mrs. Fox should have spoken of the accident she was silent. To meet these charges she proved that at a time near to that mentioned she did speak of the fact of the accident to her, giving the time and

Vol. 106-21.

place. By this evidence the issue of fabrication was met. But in addition to the fact of the injury her statements of circumstances of the accident, including the manner in which she was injured, were admitted over the objections of the defendant. The declarations which went beyond the facts of the accident were not relevant to the issue of fabrication and should not have been admitted; they were self-serving declarations, therefore inadmissible. We will not undertake to analyze the evidence and state the portion not admissible, but the trial court at another hearing will confine the declarations of Mrs. Fox to such as tend to prove the occurrence of the accident and injury. It is difficult to be specific on this question and much must be left to the trial judge.

The case of Aetna Ins. Co. v. Eastman, 95 Texas, 34, 64 S. W., 863, is not in conflict with our decision in this case. In that case the declarations of Eastman were in support of his evidence given at the trial of an issue of fact upon which his recovery depended. Mrs. Fox's declarations as proved simply met the charge of recent fabrication and were called for by the evidence offered by the defendant. The distinction is plain. It is unnecessary for us to comment on the Eastman case.

The plaintiff in error complains of the action of the trial court in refusing to permit it to prove by plaintiff when testifying that he made no demand of the railroad company for settlement before instituting the suit. No obligation rested upon plaintiff to made a demand before instituting suit; the assignment does not present an instance in which the plaintiff failed to speak when he was in a position that called upon him to make his claim known; it was not the same as the position of Mrs. Fox when it was charged that she failed to speak of the accident. If admitted, the fact that plaintiff made no claim before suit would not tend to prove any fact material to the defense.

The judgments of the Court of Civil Appeals and of the District Court are reversed and the cause is remanded to the District Court of Hunt County.

*Reversed and remanded.*