## METROPOLITAN LIFE INS. CO. v. FERNANDEZ.

### No. 2911.

Court of Civil Appeals of Texas. Beaumont.

April 30, 1936.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellant.

Charles Murphy, of Houston, for appellee.

COMBS, Justice.

This appeal is from the district court of Harris county to the Galveston Court of Civil Appeals and is before us on transfer by the Supreme Court.

The appellee, Joseph Manuel Fernandez, was plaintiff, and the appellant, Metropolitan Life Insurance Company, was the defendant in the trial court, and we will so designate the parties. The plaintiff sued the defendant for monthly disability benefits provided by the terms of a group insurance policy issued by the defendant to the Southern Pacific Company whereby it agreed to insure, upon the terms therein mentioned, the employees of the said company and its subsidiaries against death, and total and permanent disability arising during the term of employment of such employee. The trial was to the court without a jury and resulted in a judgment in favor of the plaintiff and against the defendant for the disability benefits sued for.

The controlling question presented by this appeal is the sufficiency of the evidence to support the court's finding of fact to the effect that the plaintiff's total and permanent disability occurred at a time when he was covered by the policy in question.

The pertinent provisions of the group contract relating to total and permanent disability benefits were as follows:

"Total and Permanent Disability Benefit—Upon receipt by the Company of due notice and proof—both in writing—that any employee while insured hereunder and prior to his sixtieth birthday, has become totally and permanently disabled as a result of bodily injury or disease, so as to be prevented thereby from engaging in any business or occupation and performing any work for compensation or profit for the remainder of his life * * * the Company shall:

"1. discontinue all the insurance hereunder on the employee, and

"2. three months after receipt of such proof of such disability commence to pay the employee, in lieu of the payment of the life insurance at his death, monthly installments determined as to number and amount by the amount of such life insurance in force at the date of commencement of such disability, in accordance with the table below."

Concerning the discontinuance of said insurance, said group contract provides:

"The insurance on any employee insured hereunder, who shall have ceased to be in the employ of the employer, shall be discontinued as of the date such employee terminated his employment. For the purpose of the insurance hereunder, employment is assumed to continue until the monthly due date next following the date the employee actually left the employ of the employer."

Up to July 8, 1932, the plaintiff had for many years been employed by the T. & N. O. Railroad Company as a brakeman and extra conductor, and, as such, he was insured under the group policy. On July 8, 1932, it was ascertained by the superintendent of the railroad that it was nec-

essary to reduce the force of employees, and, pursuant to a policy of reducing forces, the superintendent notified the plaintiff on the 13th day of July, 1932, that he was relieved from employment by the company. Notice was given the defendant insurance company that Fernandez' employment had been terminated. The plaintiff, by the terms of the insurance policy, continued to be insured under it until the end of the month, that is, until July 31, 1932. On November 3, 1932, the plaintiff was notified that he would be put back to work, provided he could pass the necessary physical examination. He signed an application blank containing the following:

"When this application blank is properly filled out, and sworn to, the applicant may be allowed to enter the service, on PROBATION, provided there is need for his services, and he has passed a satisfactory examination, but it must be distinctly understood that before he can be considered an ACCEPTED employee, the written approval of employing official must be obtained."

He was given the preliminary examination by the local physician of the railroad company who passed him for employment, but noted that he has had systalic murmur of the heart. The medical report of the local physician was forwarded to Dr. Green in Houston, the head physician, for final approval. In the meantime the plaintiff went back to work and made two trips, one as a freight brakeman and the other as a passenger brakeman. On November 12, 1932, Dr. Green passed on the report and rejected him for employment, and he was permanently discharged. On November 29 the plaintiff was examined by a physician, Dr. E. B. Gill, when it was discovered that he was suffering from a decompensated heart, systalic murmur, and an enlarged heart. Dr. Gill testified that the condition was cardiac decompensation due to valvular disease. It is not disputed that such condition is incurable, and that the nature of it is such as to render plaintiff totally and permanently disabled.

The case was tried to the court without a jury, and the trial court found as a matter of fact that plaintiff's condition of total incapacity occurred prior to July 31, 1932, and upon that finding entered judgment in the plaintiff's favor. The appellant urges that such finding of the trial court is without support in the evidence.

On that point the record shows without dispute that after the plaintiff was discharged in July, 1932, he worked for the Standard Oil Company during the latter part of July, and in August and September, 1932, fixing pumps and fitting pipes at gasoline filling stations. During October and the early part of November of 1932 he was employed as a laborer for a few days by the Johnson Iron Works. As we view the record, the only testimony tending to show that the plaintiff's condition existed prior to July 31, 1932, was the testimony of his physician, Dr. Gill, to the effect that the heart condition from which he found him suffering at the time of his examination on November 29, 1932, did not seem to be recent; it had probably existed for some time. His testimony on that point was as follows: "Q. Are you able as a physician and surgeon with your education, observation, practice, and experience to state approximately the length of time that the condition of Joseph M. Fernandez had continued prior to the time of your examination, November 29, 1932? A. This condition did not seem recent and was certainly of some months and possibly years standing."

■ It is our conclusion that the evidence is not sufficient to support the finding of the trial court that the plaintiff's condition of total incapacity due to heart disease existed prior to July 31, 1932. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Galveston, H. & S. A. Ry. Co. v. Powers, 101 Tex. 161, 105 S.W. 491; Houston & T. C. Ry. Co. v. Fox, 106 Tex. 317, 166 S.W. 693.

In making this holding, we do not overlook the point urged by the appellee that the heart condition from which the plaintiff was suffering was such that by the very nature of it he was totally disabled from the time it began. The medical testimony supports the conclusion that valvular heart disease of the type from which he was afflicted is of such nature that one suffering from it endangers his life if he labors or exerts himself. If plaintiff was suffering from such condition prior to July 31, 1932, there is ample authority for the proposition that the condition rendered him totally and permanently disabled at that time. See Kemper v. Police & Fireman's Ins. Ass'n (Tex.Com.App.) 44 S.W.(2d) 978, and authorities cited. And we do not mean to hold that the mere fact that plaintiff did some work after July 31,

1932, of itself precludes him from establishing that he was totally and permanently disabled prior thereto. What we do hold is that the evidence is insufficient to warrant the finding that such diseased condition actually existed prior to July 31, 1932.

It appears that the evidence was not as fully developed on that point as it might have been, and plaintiff may, upon another trial, be able to strengthen his case. For that reason, we remand the case for another trial.

█ In his findings of fact and conclusions of law, the trial court found against the plaintiff on his contention that when he went back to work for the company and made two trips in November, 1932, his policy was automatically reinstated. The appellee has made cross-assignments attacking such findings. Without discussing the evidence on that point, we will simply say that, on the record before us, the trial court was warranted in making such findings.

Because of the error above discussed, the judgment of the trial court is reversed and the cause remanded for another trial.