### RADFORD v. HILL et ux.

#### No. 13566.

Court of Civil Appeals of Texas. Dallas.

Nov. 17, 1944.

Rehearing Denied Jan. 5, 1945.

Thomas T. Lewis and Golden, Croley & Howell, all of Dallas, for appellant.

Curtis E. Hill, of Dallas, for appellees.

YOUNG, Justice.

Appellant's suit, as plaintiff in the trial court upon jury hearing, resulted in defendants' judgment and this appeal. His petition alleged a cause of action on dual grounds: (1) Formal trespass to try title; (2) for establishment of an equitable vendor's lien and foreclosure thereof upon lots 14 and 15, block 2, Cedar Oaks Addition to the City of Dallas; plaintiff having furnished purchase price for the lots, but title thereto taken in the name of defendants without reservation of a contractual vendor's lien in the deeds. Defendants claimed the described property to be a gift, as against plaintiff's contention that he had merely advanced said cash sums upon promise of defendants to repay him, such arrangement having been made prior to the conveyances in question. Jury answers negatived the existence of any promise of repayment on the part of defendants, with judgment in accordance.

Admittedly, plaintiff had paid $5,690 in cash for lot 14 and improvements, and $700 for vacant lot 15; deeds to same being made direct to Hill and wife, followed by their possession which has continued to this date.

Certain rulings of the court, made in course of trial, are presented as grounds of appeal: (1) Error in admitting, over objection, testimony of two defense witnesses, Chas. F. Ewalt and D. C. Williams, to the effect that defendant Hill had stated to each of them outside the presence of plaintiff, that Radford, a friend of his, had given him the lots in suit; (2) refusal by the court of appellant's two requested instructions whereby aforesaid testimony of Ewalt and Williams was sought to be wholly withdrawn from consideration by the jury; (3) the court's error in admitting testimony of plaintiff Radford on cross-examination, and of Mrs. Viola Grays concerning realty transactions between the two entirely aside from the property in suit; (4) error in overruling plaintiff's motion for new trial on ground of newly discovered evidence, consisting of the witness Guy Ellison, who would have testified to statements against interest made by defendant Hill to such witness, the newly discovered matter being in direct conflict with testimony of defendant Hill given as a witness on the trial.

Adverting first to appellant's propositions charging error in the court's admission of certain evidence from witnesses Ewalt and Williams (elicited by defendant's counsel), the particular testimony need not be quoted, —Ewalt, in substance, stating that Hill, after moving onto the property, had told witness the lots were a gift from Mr. Radford, a very good friend; the objection being that the narrative was hearsay and a self-serving declaration by Hill made outside the presence of plaintiff, affecting title to the property; the court admitting same, along with the following verbal instruction to the jury: "It isn't admitted on the question of title. The jury is instructed that any declaration made by Hill cannot be considered on the question of title. It is only admitted for the limitation of how he was holding, the nature of his possession of the property at the time." On behalf of defendant, Williams was likewise permitted to testify relative to statements made to him by Hill when on Cedar Oaks Boulevard that the property was a gift from another party, whose name the witness could not recall. Touching aforesaid testimony the following jury instruction was included in the court's main charge: "You are instructed with respect to the testimony of the witnesses Charles Ewalt and D. C. Williams, that you cannot

consider the testimony of either of these witnesses as to the declaration of A. T. Hill, except upon the question of claim of possession of A. T. Hill, of the property in question."

Appellee argues competency of the related testimony under exception to the hearsay rule stated in 17 T.J., Sec. 249, viz.: "Declarations of a person, made while in possession of property, though in their nature self-serving and hearsay, are admissible to explain the nature and character of his possession, and to show the extent of his interest and the character of his holding." (Citing authorities.)

██ This doctrine may be invoked in land actions under a possessor's plea of ownership, the declarations being merely indicative of a relevant animus, i. e., of declarant's intention to claim adversely. They are admissible—not as proof of title or truth of the claim, but simply to evidence the fact that a claim is made. 17 T.J., Sec. 249, Lester v. Hutson, Tex.Civ.App., 167 S.W. 321. Such declarations become hearsay when "character of possession" is not controverted; Lovenskoild v. Casas, Tex. Civ.App., 196 S.W. 629. "But a mere narrative of past transactions relating to the title, where no issue exists as to the fact or extent or nature (as being hostile or subordinate) of the declarant's possession, is inadmissible, because if used at all it could only be used improperly by the jury, as evidence of the truth of the declaration." McCormick and Ray, Law of Evidence, Sec. 373, page 470. Likewise it is uniformly held that the possessor's declarations should be excluded as hearsay when their sole effect is to show source of title, or how acquired, and are but narrative of past transactions with respect to title. McDow v. Rabb, 56 Tex. 154; Mooring & Lyon v. McBride, 62 Tex. 309; Hays v. Hays, 66 Tex. 606, 1 S.W. 895; Gilbert v. Odum, 69 Tex. 670, 7 S.W. 510; Ellis v. Haynes, Tex.Civ.App., 216 S.W. 249; Maxwell v. Campbell, Tex.Civ.App., 102 S.W.2d 471.

██ Obviously the principles just stated are applicable to the particular testimony. The character of Hill's possession was not in issue, for undoubtedly his possession was under the 1942 deeds, on their face conferring absolute ownership. Analysis of the pleadings discloses that, though plaintiff's count one was in form of trespass to try title, it was in his second count that the sole issue between the parties was raised, i. e.,

whether Radford had given the property to defendants or whether the latter were purchasers thereof under an agreement to repay. And, even assuming existence of the issue (possession), the described testimony of Ewalt and Williams in no sense characterized the nature of defendants' claim, nor was it even explanatory thereof; and could be considered by the jury only in connection with the source of his title; inadmissible under the cited cases as tending to prove title in himself. Gilbert v. Odum, Mooring & Lyon v. McBride et al., supra.

██ But appellee argues that the objectionable testimony was rendered harmless, in view of the court's verbal and written instructions relative thereto. We do not think so. Notwithstanding the limitation imposed upon the testimony in question, and as already pointed out, the jury could have considered same only upon the one issue of how the property had been acquired,—whether by gift or purchase. At least we cannot say the jury did not so consider the testimony on the only issue raised by pleadings and evidence. 3 T.J., Sec. 880, pp. 1257, 1258.

██ Plaintiff Radford testified among other things that defendants were to sell their Michigan Drive property and apply the equity on new purchase indebtedness to him; agreeing to pay thereon $25 per month, and that some five such payments were made, his first knowledge that the property was claimed by the Hills as a gift being about time of filing suit (June, 1943); Mrs. Hill having advised him to do so. In supplemental brief appellee further argues that the effect of Radford's testimony worked an impeachment of their own statement of the facts, imputing a recent fabrication for purpose of defense; and that to repel such imputation his earlier consistent statements made to Ewalt and Williams were admissible, at least as bearing upon his credibility, citing Houston & T. C. R. Co. v. Fox, 106 Tex. 317, 166 S.W. 693.

██ We do not see in the testimony of Mr. Radford a sufficient predicate for application of the rule of "recent fabrication", 45 T.J., pp. 178–182; the same being simply contradictory of Hill's version of the transaction, and no more an attack upon the latter's credibility than is ordinary to any controversy. But if we be mistaken in this, the testimony of Ewalt and Williams goes beyond the rule applied in Houston & T. C. R. Co. v. Fox, supra, in that same was not

limited to the fact of previous consistent statements, but had testimonial value upon the vital issue between the parties. More applicable to the present record is Aetna Ins. Co. v. Eastman, 95 Tex. 34, 64 S.W. 863, where a like exclusion of evidence was referred to and sanctioned by Chief Judge Brown in the later Fox case [106 Tex. 317, 166 S.W. 696], viz.: "In that case the declarations of Eastman were in support of his evidence given at the trial of an issue of fact upon which his recovery depended." The principle controlling of the evidence in question is announced in the earlier Aetna appeal from which the following excerpts are pertinent: " * * * Upon the subject of admitting the testimony of the former declarations of a witness in support of his testimony given upon the trial, there is a great contrariety of opinion as to the circumstances which render such admission proper. But two rules are reasonably well established: (1) That, in the absence of evidence impeaching the credibility of a witness, such testimony is never admissible. Moody [& Jamison] v. Gardner, 42 Tex. [411], 414. (2) That whenever a witness is sought to be impeached by showing that he has made declarations inconsistent with the testimony given by him upon the trial, and the tendency of such impeaching evidence is to show that the testimony of the witness is, by reason of some motive existing at the time of the trial, or of some influence then operating upon him, fabricated, it is proper to admit evidence of his former declarations which corroborate his testimony, provided such declarations were made at a time when no such motive or influence existed. (Citing authorities.) * * * The reason that evidence of former declarations of a witness are admissible in such cases is that, his testimony having been assailed on the ground that he had an interest to fabricate it, proof that he made statements consistent with that testimony at a time when he had no such interest tends to show that the testimony was not an afterthought, and to rebut the theory of fabrication. * * * The declarations offered in evidence in such cases are at best hearsay, and are inadmissible under the general rule; and we are of opinion that, if the declarations are sought to be brought within the exception, the grounds which take it out of the rule ought clearly to appear. * * * We doubt, however, whether the declarations of a party to a suit made at a time when they are in any manner self-serving ought ever to be admitted in corroboration of his testimony given upon the trial."

So here, undoubtedly, the statements were made at a time when a motive for fabrication existed, rendering them inadmissible as later corroborative testimony. The rule discussed in Aetna Ins. Co. v. Eastman was first laid down in Lewy & Co. v. Fischl, 65 Tex. 311, and is uniformly followed in later decisions; Davis v. Davis, 44 Tex.Civ.App. 238, 98 S.W. 198, writ ref.; Quigley v. Gulf C. & S. F. R. Co., Tex.Civ.App., 142 S.W. 633; Bailey v. Look, Tex.Civ.App., 174 S.W. 1010; see also Connally v. Culver, Tex.Civ.App., 150 S.W.2d 126.

Appellant further points to error in admitting testimony of plaintiff Radford on cross-examination, and of the witness Mrs. Grays, relative to property other than the lots in suit. No objection appears to have been made to any testimony of Mrs. Grays concerning such other and adjacent realty. A wide latitude is permitted the cross-examiner where the witness is a party to the suit, ours being a jurisdiction in which the examination is not confined to matters about which the witness has testified in chief. 44 T.J., p. 1150 et seq. Such other deeds to Mrs. Grays were upon a similar arrangement—conveyances of absolute title under verbal agreement to repay amount of purchase price. In view of the background to this litigation and the underlying motive sought to be established by defendants in support of an alleged gift, we cannot say that aforesaid cross-examination was irrelevant or improper. Upon another trial, as before, the latitude thereof will be largely for the trial court in the exercise of a sound discretion.

However, because of erroneous admission of testimony heretofore discussed, this cause will be reversed and remanded for another trial.