**TRADERS & GENERAL INSURANCE
COMPANY, Appellant,**

**v.**

**L. O. WHITENER, Appellee.**

No. 6803.

Court of Civil Appeals of Texas.

Texarkana.

April 21, 1955.

Rehearing Denied May 19, 1955.

Kenley, Sharp & Ritter, Longview, for appellant.

Earl C. Wellborn, Henderson, Fulmer, Fairchild & Barnett, Nacogdoches, for appellee.

DAVIS, Justice.

Appellee-plaintiff sued appellant-defendant in the District Court of Rusk County to set aside an award of the Industrial Accident Board. Appellee alleged that he sustained injuries to his back on or about the 3rd day of July, 1953, while in the course of his employment for W. M. Mitchell & Son. Appellant answered by verified denial of "each and every allegation" made by appellee.

Trial was to a jury which answered all of the special issues submitted in favor of appellee.

■ By point 1 appellant complains of the action of the trial court in admitting certain testimony of appellee's witness Houston Ellis over appellant's timely objection, that appellee told Ellis he had been cranking on an engine and had hurt his back and did not intend to crank the engine any more. In order to make our position clear on this point, it is necessary to give briefly the history of this testimony. After appellee had concluded all of his testimony and evidence with the exception of witness Ellis, who was absent at the time, appellant agreed to go ahead with its testimony and permit appellee to use his witness Ellis when he arrived. Appellant had offered a Dr. Kennemer as a witness before Ellis arrived and the doctor had testified that he was unable to find anything wrong with appellee's back. After Dr. Kennemer had testified, plaintiff was permitted to use his witness Ellis who gave the testimony complained of.

According to the record, Ellis' testimony was given on the case and not in rebuttal to any testimony that had been offered by appellant. The testimony being given out of order did not necessarily make it rebuttal testimony, and we feel that if this testimony had been specifically designated as being given in rebuttal to Dr. Kennemer's testimony, it would have been admissible because the testimony of Dr. Kennemer was sufficient to cast a reflection upon the claim of appellee, or label the claim as a fabrication. We do not feel that this error alone would be sufficient to cause a reversal of this case in the light of the whole record, but we do feel that the form and manner in, which the testimony was admitted at the time was error. Aetna Ins. Co. v. Eastman, 95 Tex. 34, 64 S.W. 863; Williams v. Kirby Lbr. Co., Tex.Civ.App., 136 S.W. 1182; Vicars v. Gulf, C. & S. F. Ry. Co., 37 Tex.Civ.App. 500, 84 S.W. 286; Hawkins v. Western Bank of Hereford, Tex.Civ. App., 145 S.W. 722; Radford v. Hill, Tex. Civ.App., 185 S.W.2d 129; Houston & T. C. Ry. Co. v. Fox, 106 Tex. 317, 166 S.W. 693; and Coleman v. Texas & Pacific Ry. Co., Tex.Civ.App., 241 S.W.2d 308.

■■ By points 2 and 3 appellant complains of the error of the trial court in refusing to declare a mistrial because of the prejudicial argument of one of counsel for appellee in calling the attention of the jury to the fact that a Dr. Wolfe did not appear as a witness in the case, and in telling the jury that he (counsel for appellee) expected that if Dr. Wolfe had appeared, he would have testified differently from other witnesses who testified for defendant. The argument complained of is as follows:

"One of the doctors got on the stand and said it was evolutional melancolia. 'What is that, doctor?' 'Oh, that is the middle age, that is the change of life. Like a woman, the middle age change of life.' Another doctor, 'What is his trouble, Dr. Wilcox?' 'Old age, it is old age.' I was expecting that maybe Dr. Wolfe would come in here

and say in this case of Mr. Whitener's maybe he ought to have his unnecessary female organs removed, and let us hear it. Talk about inconsistencies."

The trial court filed his bill of exceptions relating to these points wherein he shows that the argument at the time it was made was not objected to for the reasons assigned in the points of error here, nor in the form and manner prescribed for an objection to be made to such argument. The objection was made in the form of a writing which was handed to the court without calling such objection to the attention of counsel for appellee. The trial court took the position that the appellant waived such objection by not objecting to the same as required by law. It is true that an objection to oral argument is waived unless the argument complained of is of such nature that the damaging effect of same could not be removed or the objection cured by the court's instructing the jury not to consider the same. Brooks v. Enriquez, Tex.Civ. App., 172 S.W.2d 794, writ ref. w/m; Phoenix Refining Co. v. Morgan, Tex.Civ. App., 178 S.W.2d 175, writ ref. w/m. We think the argument complained of was highly improper and is of such prejudicial and inflammatory nature that an instruction from the court would not have cured the damaging effect and it was sufficient to have raised the exception to such argument for the first time on motion for new trial, which was done. Although the trial court in his bill certifies that a subpoena was on file showing that Dr. Wolfe had been summoned as a witness by appellant, there is nothing in the record to indicate that the jury knew about it. Further, there is nothing in the qualification or the record that would excuse or justify a comment upon what the attorney thought the witness might testify if he were present. There are exceptions to the rule that the failure to call a witness can be referred to, but we are unable to find any exception where the attorney can speculate or give testimony as to what the witness might or would testify if present. San Antonio Public Service Co. v. Smith, Tex.Civ.App., 57 S.W.2d 179,

error dis.; Jarbet Co. v. Hengst, Tex.Civ. App., 260 S.W.2d 88; Southern Underwriters v. Dykes, Tex.Civ.App., 145 S.W.2d 1105; and Pacific Employers Ins. Co. v. Barnett, Tex.Civ.App., 230 S.W.2d 331, error ref. n. r. e. Points 2 and 3 are sustained.

By points 4 through 9, appellant complains of the action of the trial court in failing to declare a mistrial because of other prejudicial arguments. Some of the argument assigned as error was properly objected to, some was not. Objections to some were sustained. Objections to other argument about the failure of appellant to have other witnesses present was first overruled, and later the court properly sustained the objection and gave the jury written instructions not to consider the same.

To discuss each of these points separately would make this opinion unduly long. We have concluded that the case will have to be reversed because of the argument complained of in points 2 and 3. And we have further concluded that the combined effect of the errors complained of in points 4 through 9 also warrant a reversal of the case. We have examined the two volumes of the statement of facts, containing a total of 729 pages, and find the issues of injury and cause of disability very sharply conflicting. The evidence would support a jury verdict for either side. Therefore, we have concluded that the errors complained of probably caused appellant not to get a fair and impartial trial, and was reasonably calculated to cause and probably did cause the rendition of an improper judgment. U. S. Fidelity & Guaranty Co. v. Lewis, Tex. Civ.App., 266 S.W.2d 194, error, ref., n. r. e., and authorities cited therein. Points 4 through 9 are sustained.

▮ In point 10, appellant complains of the action of the trial court in permitting appellee to offer in evidence certified copies of certain instruments from the Industrial Accident Board more than a week after the jury verdict was received. Appellant had filed a verified denial of the facts sought to be proved by the instruments and

we think the facts sought to be proved thereby were controversial and came too late. Rule 270, Texas Rules of Civil Procedure. Point 10 is sustained.

We have examined appellant's points 11 and 12 and find them to be without merit and they are each overruled.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause is remanded.