L. O. WHITENER V. TRADERS AND GENERAL INSURANCE COMPANY

No. A-5363. Decided March 14, 1956.
Rehearing overruled May 2, 1956.
(289 S.W. 2d Series 233)

*Earl C. Wellborn,* of Henderson, *Fulmer, Fairchild & Barnett,* and *R. W. Fairchild,* all of Nacogdoches, for petitioner.

The Court of Civil Appeals erred in its holding that certain arguments of counsel were improper and had the effect of having probably caused the rendition of an improper judgment. Century Ins. Co. v. Hogan, 135 S.W. 2d 224; Howell v. Knox, 211 S.W. 2d 324; National Auto & Cas. Ins. Co. v. Layman, 248 S.W. 2d 993.

*Kenley, Sharp & Ritter* and *R. O. Kenley, Jr.,* all of Longview, for respondent.

In response cited Texas P. & L. Co. v. Hering, 148 Texas 350, 224 S.W. 2d 191; Texas Emp. Ins. Ass'n. v. Haywood, 153 Texas 242, 266 S.W. 2d 856.

MR. JUSTICE CULVER delivered the opinion of the Court.

Petitioner, Whitener, sued to set aside an award of the Industrial Accident Board. Judgment in his favor was reversed and remanded by the Court of Civil Appeals for the reason that improper jury argument by petitioner's counsel was calculated to and probably did cause the rendition of an erroneous judgment, 279 S.W. 2d 152.

■ We are of the opinion, however, that although some, if not all, of the argument was improper, yet taken separately or as a whole the argument cannot be said to have probably influenced the jury to the prejudice of the respondent under circumstances of this case.

That portion of the argument which the Court of Civil Appeals considered the most harmful arose from counsel's efforts to belittle medical testimony offered by respondent in connection with a prior back ailment of petitioner. The statement is as follows:

" 'One of the doctors got on the stand and said it was evolutional melancolia. "What is that, doctor?" "Oh, that is the middle age, that is the change of life. Like a woman, the middle age change of life." Another doctor, "What is his trouble, Dr. Wilcox?" "Old age, it is old age." I was expecting that maybe Dr. Wolfe would come in here and say in this case of Mr. Whitener's maybe he ought to have his unnecessary female organs removed, and let us hear it. Talk about inconsistencies.' "

Respondent contends that the effect of this argument was to comment upon the fact that Dr. Wolfe was not called as a witness and would have testified differently from other witnesses for respondent. We do not so interpret the argument. Dr. Wolfe was a physician of petitioner's own choice. It seems that if any inference was to be drawn it was rather that petitioner's own doctor would have agreed that petitioner's condition was due solely to old age rather than to an injury. At worst the remarks were inappropriate and a misplaced attempt at humor.

■ Respondent complains of counsel's comment on the failure of respondent to call petitioner's employers who lived in Hous-

ton on the question as to whether petitioner had given notice of his injury within the thirty-day period. Petitioner had testified that he had given notice to the employers of the injury, and this issue was controverted by respondent. There is a contractual relationship between employer and compensation carrier requiring the employer to cooperate. This would render the insured employer more available to the carrier than to the plaintiff employee. At any rate the Court on the objection of the respondent instructed the jury not to consider that portion of the argument concerning the failure on the part of the respondent to produce the employers at the trial of the case. We think the comment was legitimate.

■ In his opening remarks petitioner's counsel referring to the Court's charge said:

" 'Now let's see what the Court tells you total disability is. He emphasizes right there, he puts it in caps "Total incapacity" that is the third page' "

\* \* \* \*

" 'Our objection, your honor, to the statement of counsel to the jury that the court is emphasizing total incapacity for the reason it is not true, the court is not emphasizing any portion of the charge, therefore it is a comment on the action of the court and asks the jury to consider what the court thinks about this case.

" 'The Court: Sustain that objection.' "

\* \* \* \*

" 'What I should have said, gentlemen, it is in caps, the term "total incapacity" is in caps and in quotes.' " (Tr. 59-60).

No further objection was made. All of the terms defined in the Court's charge were expressed in capital letters and in quotation marks thus: "PREPONDERANCE OF THE EVIDENCE." We fail to see how this statement of counsel could be harmful and especially so in view of the action of the Court in sustaining the objection, and what counsel said following was merely a statement of fact that was apparent on the face of the charge to the members of the jury.

■ Respondent again complains of a statement by counsel allegedly misquoting the testimony of a witness, Cato, who was employer's foreman. The statement of counsel is:

"* * * You will recall that I asked Mr. Cato the point blank question, 'Mr. Cato, are you willing under your oath to testify to this jury that Mrs. Whitener did not tell you that her husband had sustained an injury while cranking that motor on July 3, 1953.' And what was his answer 'No sir.' 'No sir.' Isn't that the clinching evidence that he actually knew about it?" (Tr. 66).

Cato's testimony was that the first he knew of any claim was when he got the notice from the lawyer and on cross-examination said that he did not recollect that Mrs. Whitener had told him anything about the injury. The following questions and answers then appear:

"Q. Is it possible, Mr. Cato, she might have told you that and you have forgotten about it?

"A. Well, I don't recollect her saying that.

"Q. All right, then you went * * * would you say Mr. Cato, that she did not say that?

"A. I did not say she did not, I said I didn't recollect her saying that."

We think the variance is not substantial. Counsel was not attempting to quote verbatim.

Respondent asserts that counsel made an incorrect statement of the law in his argument as follows:

"* * * If I am walking around with one foot in the grave and the other on a banana peeling, in the last throes of tuberculosis, and they take me or work me with that and I get an injury, as long as the injury contributed to or played a part, even though it is involved in connection with the previous condition they have to pay me 100% and that is our law and it is a good law." (Tr. 68).

On this point respondent did not object.

■ Of course there is no need for counsel to inform the jury as to the law of the case. That is solely the province of the Court. The statement was improper whether correct or not. It had no possible bearing on any issue of fact before the jury. All points of law necessary had been given in the Court's charge.

At any rate an instruction to the jury not to consider would, we think, have removed any harmful effect even though in view of the issues submitted to the jury we doubt there was any prejudicial effect. Williams v. Merchants Fast Motor Lines, Texas Civ. App., 214 S.W. 2d 307; Texas Compensation Insurance Co. v. Ellison, 71 S.W. 2d 309 (Error dismissed).

■ The last point on improper argument concerned that to the effect that while respondent contended that a prior arthritic condition was the sole cause of petitioner's incapacity, yet not a single man had ever observed him having any trouble with his back, "Mr. Cato and none of the other lay witnesses, not a one." The objection to this argument was overruled.

While petitioner did admit a prior back trouble and medical testimony bore out that fact, yet it seems not unreasonable to infer from the argument that counsel meant to say that no lay witness had observed any disabling condition prior to the alleged injury.

Respondent insists that in any event the reversal by the Court of Civil Appeals should be affirmed on account of the error of the trial court in admitting the testimony of one Houston Ellis. Ellis testified that he came upon the scene apparently shortly after the alleged injury and found the petitioner sitting on the ground "white as a sheet." He was then allowed to testify as to what petitioner told him at the time about receiving an injury. This hearsay evidence was admitted under the doctrine applicable where the charge of "recent fabrication" has been made. We do not believe that the testimony was admissible at all on that theory. The petitioner had testified that immediately after the injury he had consulted a physician and had told the physician about the injury. On the stand the doctor denied that petitioner had made any complaint of any injury. Certainly respondent could rebut the positive testimony of petitioner in this manner. The doctrine of recent fabrication comes into play where the defendant has offered testimony that the plaintiff made no complaint at the time of an alleged injury when he could have been reasonably expected to have done so. Aetna Insurance Co. v. Eastman, 95 Texas 34, 64 S.W. 863. Houston & T. C. R. Co. v. Fox, 106 Texas 317, 166 S.W. 693. Admissibility of this testimony might, however, be sustained as a part of the "res gestate."

Since another witness corroborates the account given by plaintiff-petitioner of the way and manner in which he received

the alleged injury, the testimony of Ellis is not controlling but cumulative only and this Court in that case will ordinarily not reverse for erroneous ruling on admissibility of evidence.

The judgment of the Court of Civil Appeals is therefore reversed and that of the trial court affirmed.

Associate JUSTICE WILSON dissenting.

Opinion delivered March 14, 1956.

Rehearing overruled May 2, 1956.