For other cases in point, see: Price v. State, 150 Tex.Cr.R. 161, 199 S.W.2d 168, and Spriggs v. State, 160 Tex.Cr.R. 188, 268 S.W.2d 191.

For the reasons stated, the judgment is reversed and the cause is remanded.

WOODLEY, P. J., absent.

Florence ROSEN, Appellant,

v.

SKILLERN & SONS, INC., Appellee.

No. 15834.

Court of Civil Appeals of Texas.

Dallas.

April 21, 1961.

Rehearing Denied May 12, 1961.

Woodruff & Hill, Robert M. Hill, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellee.

WILLIAMS, Justice.

This is what is commonly referred to as a "slip and fall" case. Florence Rosen, as plaintiff, brought this action for damages against Skillern & Sons, Inc., as defendants, alleging that about 6 p. m. on December 30, 1958 she entered defendant's store at the intersection of Main and Ervay Streets in Dallas, Texas and that by reason of the negligence of defendant in permitting water, ice and snow to collect on the floor of its store she was caused to slip and fall, sustaining severe injuries to her left elbow and arm. Defendant, following its general denial, specifically denied that defendant fell in its store on the occasion in question. Subject to this special denial defendant pled numerous acts of contributory negligence against plaintiff as well as pleading unavoidable accident. The first special issue in the court's charge was: "Do you find from a preponderance of the evidence that on the occasion in question Florence

Rosen fell on the floor in the Skillern Drug Store?" The jury answered this question "No". The court instructed the jury that if it had answered Issue No. 1 "No" then they need not answer any other issue in the charge. Judgment on this verdict was rendered for defendant from which action this appeal has been perfected.

Appellant, Florence Rosen, brings forward four points of error. The first three points, grouped together, complain of the action of the trial court in refusing to permit three witnesses for appellant to testify on rebuttal that appellant had told them, shortly after the accident, that she had fallen and injured herself in the drug store. The fourth point complains of the action of the trial court in admitting into evidence certain medical records of Gaston Hospital.

· Consideration of appellant's first three points requires a statement of the evidence. The day in question, December 30, 1958, was, admittedly, a bad day from the standpoint of the weather. It had snowed and sleeted considerably and the streets and sidewalks in downtown Dallas were covered with snow, sleet and slush. Appellant had brought her car to town that morning and left it in a parking station. She testified that she left her employer's place of business about 4:45 p. m. and decided to catch a bus or taxicab instead of driving her automobile in the bad weather. She had previously arranged to meet her sister, Mrs. Ira Lewis, at the Doctors Building on Gaston Avenue about 5 p. m. Being unable to obtain a taxicab or a bus she returned to her office in the Wilson Building and remained there some 15 minutes where she attempted to call her sister but was unsuccessful in reaching her. She left her office the second time about 5:45 p. m. and went to Skillern Drug Store across the street from where her office was located, intending to enter the store and use a telephone in an effort to call her sister about the delay in meeting her as previously arranged, and also to purchase a cup of coffee from a cafeteria operated by the

drug store. She testified that after entering the drug store she slipped and fell to the floor striking her elbow. She admitted that she did not tell anyone connected with Skillerns in the store that she had fallen. She stated that she was embarrassed by the fall and that she did not think she was seriously hurt. She left the store and proceeded to get her automobile from the parking place and then drove to the Doctors Building to meet her sister. She testified that she was then having pain in her left arm. She picked up her sister and the two of them drove to their apartment where a neighbor, Mr. Kenneth Wenger, was called to assist in the removal of her jacket, which she was unable to do by reason of her injuries, which had then become more evident. Wenger then drove appellant and her sister to Baylor Hospital where appellant was given emergency treatment and then taken to Gaston Hospital where she was admitted as a patient under care of Dr. Bywaters. Subsequently she underwent two operations on her arm.

At the time appellant rested her case there had been no testimony presented to the jury as to what appellant had told anyone after her fall as to where, how and what had caused her injuries. Appellee, over objection of appellant, was permitted to introduce a part of the hospital records of Gaston Hospital, these records containing a history of appellant's injuries, part of which read: "The patient slipped and fell yesterday at 5:30 P.M. while walking in the slushy snow in front of a local drug store". The appellee then presented the testimony of its witnesses, all employees of the drug store. These witnesses testified that they did not see or observe appellant fall in the store; that no outcry or screams was heard at any time to indicate someone falling; that no one reported a fall, or claimed to have fallen in the store; that no commotion occurred to indicate a fall. Mr. Kelly, Secretary and Comptroller of appellee, testified that the first notice of such accident was received by him in the form of a letter six days later from appel-

lant's attorney. The cumulative effect of all of appellee's witnesses was a flat denial that anyone had fallen in the store on the occasion complained about, and that if appellant fell it happened elsewhere.

On rebuttal, appellant called Milton Angrist, and offered his testimony to the effect that he visited appellant about 5 p. m. the day following the accident and that on that occasion Mrs. Rosen told him that she had gone into Skillern's Drug Store and had slipped on the floor on some ice or slush. This testimony was rejected on objection of appellee that such would be hearsay. Appellant then tendered the testimony of Kenneth Wenger, to the effect that he assisted appellant in taking off her jacket at the apartment shortly after the accident and that on that occasion she told him that she had slipped and fallen in the drug store. This testimony was rejected on objection of appellee that the same would be hearsay. Mrs. Ira Lewis, appellant's sister, was recalled as a witness on rebuttal, and testified, out of the presence of the jury, that about 6:30 p. m. on the afternoon in question, her sister Mrs. Rosen, told her that she had gone into Skillern's to make a telephone call and that she had slipped and fallen in the store. On objection of appellee this testimony was not permitted to go to the jury as being hearsay and self-serving.

All of this testimony concerning prior consistent statements on the part of appellant was offered specifically as an exception to the hearsay rule. Appellant's counsel, upon each tender of the rejected evidence, stated that the testimony was being offered under the theory of "recent fabrication". For example, when Mrs. Lewis' testimony was offered appellant's counsel stated: "I think for the same reason that under the doctrine and theory of recent fabrications, that this testimony is admissible. In the first place, because, it was only 30 or 45 minutes after the alleged accident; it might be res gestae. On top of that, I think it is admissible on the grounds to rebut the theory of recent fabrication on the part of the defendant."

From the evidence above related it becomes evident that the battle line in this case became sharply drawn over one principal issue: Did Mrs. Rosen fall in the store as she claims or did she fall outside the store as contended by appellee? The trial court spotlighted this issue by submitting the question at the outset of the court's charge and then instructing the jury that they need not answer any further issues if they found that Mrs. Rosen did not fall in the store. With this picture of the case in sharp focus before us, we proceed to a consideration of the theory of "recent fabrication" as advanced by appellant as an exception to the hearsay rule. Appellant contends that a party may introduce into evidence prior statements which he or she has made which are consistent with the party's testimony given on trial when the defendant has, on trial of the cause, shown that if the plaintiff was injured in the manner or place which he or she claims, she made no complaint of injury at the time. Furthermore, the impression left is that the plaintiff made no complaint at the time her accident occurred, when under the usual and customary course of events a party would have complained, and thereby the insinuation is present that the accident did not happen as alleged, then the plaintiff should be permitted to rebut this by showing that she did in fact make complaints of the accidental occurrence to other parties at or near the time of the accident. The rule is clearly set out in McCormick & Ray's, 2d Ed. Texas Law of Evidence, § 774, as follows:

"Another instance in which prior consistent statements may be used to support a witness is where there has been an imputation of recent fabrication. They show that his attitude before the time of the alleged conspiracy to falsify was consistent with his present testimony, and therefore tends to

destroy the inference that he recently maunfactured his story."

In 45 Tex.Jur. § 296, pp. 178, etc., the rule is stated:

"Former statements made by an impeached witness and consistent with his present testimony will be received in evidence where an attempt is made to show that such testimony is recent fabrication * * *."

In Wigmore on Evidence, Vol. 2, § 1129, the rule is stated:

"The charge of Recent Contrivance is usually made, not so much by affirmative evidence, as by negative evidence that the witness did not speak of the matter before, at a time when it would have been natural to speak; his silence then is urged as inconsistent with his utterances now, i. e., as a Self-Contradiction. The effect of the evidence of consistent statements is that the supposed fact of not speaking formerly, from which we are to infer a recent contrivance of the story, is disposed of by denying it to be a fact, inasmuch as the witness did speak and tell the same story. This use of former similar statements is universally conceded to be proper; though occasionally it is difficult to apply the principle to the facts."

The Supreme Court of Texas in Houston and Texas Central Ry. Co., v. Fox, et al., 106 Tex. 317, 166 S.W. 693, 695, decided a similar case of "recent fabrication". In that case Fox brought suit against the railway to recover damages for personal injuries sustained by his wife while she was a passenger on the train. Mrs. Fox testified that while she was attempting to alight from the train that there was a sudden jerk or lunge which threw her off balance causing her serious personal injuries. The fact of the accident were proved by Mrs. Fox only and no other person on the train is shown to have known of the severe lurching of the train. The effect of the

defense was to charge Mrs. Fox with having fabricated the case and the defendant Railway Company sought to sustain by the evidence of their employees, that they knew nothing of the occurrence when it happened, and that Mrs. Fox did not mention the fact at such times and under such circumstances when she could and should have done so. The Railway Company proved by a witness that Mrs. Fox spent the night at his house the next night after she claimed to have been injured and that Mrs. Fox spoke of having been in good health for years, and that during family prayer she stated that she had been fortunate in not having any accident on her trip. This witness was corroborated by other witnesses. To rebut defendant's contention, Fox offered in evidence Mrs. Fox's prior consistent statements (1) to a sister of plaintiff's wife who testified that the following day Mrs. Fox told her about the accident; (2) a life insurance agent who testified that Mrs. Fox had told him after the accident that she had been hurt; and (3) Mr. Fox who testified that upon his wife's return home from her trip she told him about the accident. Chief Justice Brown of the Supreme Court, after quoting Wigmore on Evidence, supra, held that the testimony offered by the plaintiff was hearsay but further held that the prior consistent statements of plaintiff's wife about the accident occurring and the time and place of its occurrence, although hearsay, were admissible in meeting the Railway's proposition that her story was a fabrication. The Court said:

"If the defendant had not charged Mrs. Fox with fabricating her claim, such declarations would not have been admissible. Defendant's proposition is that because Mrs. Fox did not speak of the accident on certain occasions, she is guilty of recent contrivance, and that it cannot be proved that she did speak of the matter at another time because her declarations are self-serving. There is much authority directly on the question, for courts uniformly hold that

under such circumstances her declarations as to the occurrence of the accident were admissible if made near the time when it is alleged and proved that she should have spoken, but did not speak. It is claimed that Mrs. Fox's declarations were not admissible. The admissibility of that evidence can be determined by stating the issue to be proved or disproved. The defendant below asserted that there was no accident nor injury to Mrs. Fox; that she had fabricated the whole matter. To sustain the charge evidence was offered to prove that on different occasions when Mrs. Fox should have spoken of the accident she was silent. To meet these charges she proved that at a time near to that mentioned she did speak of the fact of the accident to her, giving the time and place. By this evidence the issue of fabrication was met."

■ Appellee in reply to appellant's contention, strongly relies upon a previous opinion of the Supreme Court in Aetna Insurance Co. v. Eastman, 95 Tex. 34, 64 S.W. 863. As stated by Chief Justice Brown in the case of Houston & Texas Central Ry. Co., v. Fox, supra, the Eastman case is not in conflict with the decision in the Fox case. The opinion in the Eastman case recognizes the rule of recent fabrication as being an exception to the general hearsay rule and further states that, being an exception, the grounds which take it out of the exception rule ought clearly to appear. We have carefully studied the opinion in the Eastman case and have concluded that it does not conflict with the Fox case but merely differs on application of the facts of the particular case. We believe that appellant in this case has clearly brought herself within the ambit of the rule announced in the Fox case. The facts in this case and in the Fox case are so strikingly similar as to leave little, if any, doubt concerning the application of the law of the Fox case to the instant appeal. We therefore, conclude that

the trial court erred in excluding the testimony of the three witnesses under the conditions under which testimony was offered. We are careful to point out that by thus holding we do not mean to say that the rule would be the same in each case. The facts in each particular case must control the application of the exception to the general rule, unless the facts can be made to clearly demonstrate the need for the exception same should not be applied.

■ Aside from the application of the "recent fabrication" rule we believe that the tendered testimony of Mrs. Ira Lewis concerning statements made to her by appellant some 30 minutes following the alleged accident, and the testimony of the witness Kenneth Wenger, having to do with statements made by appellant to him approximately one hour or one hour and half after the alleged accident, are certainly admissible under the res gestae theory. There is evidence in the record that when these statements were made to these witnesses appellant was suffering pain. Such statements may be said to be so close to and connected with the alleged accident as to be a part thereof.

■ Appellee contends that if the action of the trial court in refusing the tendered testimony be held to be error that same should be construed by us to be harmless error under Rule 434, Texas Rules of Civil Procedure. With this contention we cannot agree. As stated above the crucial issue forming the battle ground in this case was whether appellant fell in or out of the drug store. The whole case revolved around this question. Accordingly, we are unable to say what effect the tendered testimony of the three witnesses may have had upon the jury in this case. It is not for us to speculate or enter into conjecture as to the probative force of this testimony in the minds of a jury. It is our opinion that the rejection of the tendered testimony materially acted to the

prejudice of appellant's case. Appellant's points 1, 2 and 3 are therefore sustained.

Appellant's fourth point complains of the action of the trial court in admitting into evidence the medical records of Gaston Hospital to do with appellant's admission and stay in said Hospital. Appellant particularly complains of statements appearing in defendant's Exhibit No. 1, being a portion of such hospital records, and which purports to be a "personal history" sheet which was shown to have been made by a medical student on duty at the hospital when Mrs. Rosen was admitted. Contained in the record is a statement: "the patient slipped and fell yesterday at 5:30 p. m. while walking in the slushy snow in front of a local drug store". This information is shown to have been supplied by Mrs. Rosen or her sister. Appellant contends that such records were not properly admissible under Article 3737e, Vernon's Ann.Civ.St. and constituted hearsay. Since Gaston Hospital was not shown to be a public hospital the records, if admissible at all, would be made so by virtue of Article 3737e, V.A.C.S. which provide for the admissibility of records if the judge finds that:

"(a) It was made in the regular course of business;

"(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

"(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter."

The Statute, in Section 2 thereof, further provides that such records may be proved by the custodian of the records even though he may not have personal knowledge as to the various items or contents of such memorandum or record.

■ Proper predicate was laid for the introduction of the hospital records in this case through the testimony of the custodian thereof who testified that the records were made in the regular course of business of the Gaston Hospital; that they were made by an employee of the hospital at or near the time of the entry of Mrs. Rosen into the hospital; and that such records were the permanent records of the hospital. While the statements complained of are hearsay, yet they fall within the exception provided by the Statute. As stated in Travis Life Insurance Company v. Rodriguez, Tex.Civ.App., 326 S.W.2d 256, 261 (writ ref. n. r. e.): "The 'hearsay' rule has many exceptions, most of which are court made. We know of no limitation upon the Legislature preventing it from creating an exception to the hearsay rule in civil cases. We believe that this is exactly what the Legislature did when it enacted Art. 3737e. We believe it is a valid statute and one which the courts should enforce."

See also American General Insurance Company v. Dennis, Tex.Civ.App., 280 S.W.2d 620.

■■ Moreover, testimony in this record shows that Mrs. Rosen and her sister were in the admitting room at Gaston Hospital on the occasion of her entry therein. The "admitting history" recites that the information was received from Mrs. Rosen or her sister, and would constitute admission against interest and they are admissible as an exception to the hearsay rule. Should we be mistaken concerning the admissibility of this record, we hold the admission thereof to constitute harmless error in the light of the circumstances. Mrs. Rosen denied making such statements contained in the records, and furthermore, the same records contain the "dismissal report" by Dr. Bywaters, in which he recites the early history given by Mrs. Rosen that she fell in the store. Appellant's fourth point is therefore overruled.

Reversed and remanded.