NUMBER 13-04-174-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

DEBORAH SUE McSHANE
AND 

JAMES PATRICK McSHANE,                                    Appellants,

 

                                           v.

 

BAY AREA HEALTHCARE GROUP, LTD., 

INDIVIDUALLY AND D/B/A
THE 

CORPUS CHRISTI MEDICAL
CENTER - 

BAY AREA, ET AL.,                                                  Appellees.

 

 

 

 On appeal from the 28th
District Court of Nueces County, Texas.

 

 

 

                        DISSENTING OPINION

 

                       Before Justices Yañez, Castillo and
Garza

                          Dissenting Opinion by Justice Castillo

 








Appellants assert that
the trial court reversibly erred by allowing testimony of superseded pleadings
to inform the jury that the testifying doctors were once defendants in the
case.  The majority concludes that the
evidence was not an admission, was inadmissible, and that the trial court's
error was reasonably calculated to and probably led to the rendition of an
improper judgment.  Respectfully, I
disagree that appellants have shown reversible error.

We ordinarily do not
find reversible error for erroneous rulings on admissibility of evidence where
the evidence in question is (1) cumulative, and (2) not controlling on a
material issue dispositive of the case.  See
Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989) (citing Whitener
v. Traders and Gen. Ins. Co., 289 S.W.2d 233, 236 (Tex.1956)).  Even assuming that the trial court abused its
discretion in allowing the testimony and further assuming that appellants
preserved error, respectfully, I would hold that:  (1) the complained-of evidence was cumulative
of evidence that the testifying physicians were not parties to the lawsuit, see
Gee, 765 S.W.2d at 396; and (2) appellants, with the burden to show
prejudicial error, have not shown the error "turns on" the particular
evidence admitted, see Tex. Dep't of Transp. v. Able, 35 S.W.3d 608, 617
(Tex. 2000); City of Brownsville v. Alvarado, 897 S.W.2d 750, 753-54
(Tex. 1995); Whitener, 289 S.W.2d at 236.  

Accordingly, I
respectfully dissent.[1]  

ERRLINDA CASTILLO

Justice

Dissenting Opinion delivered and filed

this 6th day of July, 2005.                                     











[1] I need not address the majority's
decision on the first through fourth issues presented because the fifth issue
is dispositive.  See Tex. R. App. P. 47.1.  Similarly, I need not address appellants'
sixth and seventh issues presented regarding juror misconduct, because the
majority does not reach them.  Id.